15-630
Cuka v. Lynch

BIA
A078 938 184
A078 938 185

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand sixteen.

PRESENT:
 DENNIS JACOBS,
 PIERRE N. LEVAL,
 DEBRA ANN LIVINGSTON,
  *Circuit Judges.*
_____

KLEMENTINA CUKA, XHEKSON CUKA,
  *Petitioners,*

 v.                                    15-630
                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Mary
                       Jane Candaux, Assistant Director,
                       Michael C. Heyse, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioners Klementina Cuka and her minor son, Xhekson Cuka, natives and citizens of Albania, seek review of a February 18, 2015, decision of the BIA denying their motion to reopen the removal proceedings. *In re Klementina Cuka, Xhekson Cuka,* Nos. A078 938 184/185 (B.I.A. Feb. 18, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We discern no abuse of discretion in the BIA's denial of reopening. See *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The motion was untimely and number barred and we otherwise lack jurisdiction to review the BIA's decision not to reopen sua sponte. *Id*. at 517–18.

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that the December 2014 motion was untimely because the

BIA issued a final decision in February 2005, and number barred because it was the second motion to reopen.

Nor do any exceptions apply to excuse the time and number limitations. An application for or eligibility to adjust status is not an exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(3); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009).

Accordingly, the only basis for reopening is the BIA's sua sponte authority pursuant to 8 C.F.R. § 1003.2(a). We lack jurisdiction to review the BIA's refusal to exercise that "entirely discretionary" authority. *Ali*, 448 F.3d at 518. However, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

Contrary to the Cukas' argument, the BIA did not misapprehend the law. The BIA concluded that the removal order rendered the Cukas ineligible for provisional unlawful-presence waivers. The Cukas concede this point and the

3

regulations confirm that the BIA is correct. *See* 8 C.F.R. § 212.7(e)(4)(vi). Accordingly, the BIA did not misapprehend the Cukas' eligibility. The refusal to reopen and vacate the removal order solely to render them eligible for that relief is a discretionary decision not subject to judicial review. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4